UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOHN FLOYD CAREY, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 19-30-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO J. QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

*Pro se* petitioner John Floyd Carey, Sr., has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a motion to proceed *in forma pauperis*. [R. 7, R. 9] While the Court **GRANTS** Carey's request to proceed as a pauper in this matter, the Court will **DISMISS** Carey's habeas petition upon preliminary screening.

**I**

In February, Carey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion to proceed *in forma pauperis*. [R. 1, R. 4] Due to various deficiencies with Carey's initial filings, the Court ordered Carey to re-file both his petition and fee motion in compliance with the Court's Local Rules. [R. 5] Carey has now complied with that order, and his filings are before the Court for review. [R. 7, R. 8, R. 9]

1

First, the financial information accompanying Carey's motion to proceed *in forma pauperis* indicates that Carey lacks sufficient funds to pay the filing fee in this matter. [R. 8] Accordingly, the Court will grant Carey's motion and waive the $5.00 habeas filing fee. But as for Carey's habeas petition itself, the Court must conduct a preliminary screening of that submission pursuant to 28 U.S.C. § 2243.

Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Carey's petition under a more lenient standard because he is proceeding without an attorney, and at this stage of the proceedings, the Court accepts Carey's factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II**

Although the arguments set forth in Carey's § 2241 petition are less than clear, the petition plainly does not satisfy the Court's initial screening. Carey's petition and attached affidavit appear to set forth various kinds of claims. First, the

2

petition—and particularly the affidavit [*see* R. 9-11]—discuss civil rights violations Carey has allegedly suffered while incarcerated at the Federal Medical Center in Lexington, Kentucky. Indeed, the petition mentions discrimination, poor conditions of confinement, a lack of adequate medical care, and a possible First Amendment claim. [*Id.*] Regardless of the validity of these allegations, they are not cognizable in a § 2241 habeas proceeding. *See, e.g.*, *Muhammed v. Close*, 540 U.S. 749, 750 (2004); *Martin v. Overton*, 391 F.3d 710 (2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Accordingly, Carey's conditions of confinement and related constitutional claims will be dismissed without prejudice so that he may refile them, if appropriate, in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See Martin*, 391 F.3d at 714.

Next, the petition asserts that Carey should currently be serving his sentence via home confinement. This appears to be Carey's chief concern, as the request for relief statement at the end of his petition seeks nothing more than "immediate release to home confinement." [R. 9 at p. 8] This, however, is a matter solely within the discretion of the Federal Bureau of Prisons ("BOP"). "RRC placement and home confinement are helpful resources for readjustment to society, but a prisoner does not have a
3

constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016) (collecting cases). The statutory provisions addressing home confinement instead require the BOP to consider the possibility of home incarceration only "to the extent practicable." *See* 18 U.S.C. § 3624(c)(1). And, ultimately, the decision is "discretionary and will be determined on an individual basis according to the factors in 18 U.S.C. § 3621(b)." *Heard*, 184 F. Supp. 3d at 520 (internal quotation marks and citation omitted). Carey is thus not entitled to § 2241 relief for this claim, even though he might have been placed in home confinement by now but has not been.

Finally, although Carey never explicitly articulates a claim of entitlement to compassionate release, he does discuss his poor medical condition at length. [*See* R. 9, R. 9-11] To the extent Carey may be seeking compassionate release in light of his medical condition, that request must also be denied. The relevant statute states that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment" for certain extraordinary and compelling reasons, such as a prisoner's serious medical condition. *See* 18 U.S.C. § 3582(c)(1)(A). Under this statute's plain language, a request for compassionate release must come from the BOP itself, not from an inmate petitioner. The Sixth

Circuit has therefore held that a federal district court "lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate." *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011).

Finding no meritorious claim in Carey's § 2241 petition, the Court dismisses the petition upon its preliminary screening.

### III

For the foregoing reasons, it is **HEREBY ORDERED** as follows:

1. Carey's motion to proceed *in forma pauperis* [R. 7] is **GRANTED**;

2. The $5.00 habeas filing fee ordinarily due in this matter is **WAIVED**;

3. The conditions of confinement claims and any other attempted civil rights claims in Carey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are **DISMISSED WITHOUT PREJUDICE,** with leave to refile in an appropriate action;

4. Carey's claims for compassionate release and/or immediate release to home confinement are **DISMISSED WITH PREJUDICE**;

5. This matter is **STRICKEN** from the Court's active docket; and

6. Judgment shall be entered contemporaneously herewith.

This 15th day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge